IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

DENNIS LYNN WARREN,

    Plaintiff,　　　　　　　　No. 2:07-cv-00844-ALA PC

    vs.

C/O S. RYBERG,

    Defendant.　　　　　　　　<u>ORDER</u>

    Plaintiff Dennis Warren, is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint on March 19, 2007, claiming that he was assaulted by Defendant Ryberg. On September 12, 2007, Defendant filed a motion to dismiss claiming that Plaintiff failed to exhaust his administrative remedies. On October 16, 2007, Plaintiff filed a response to Defendant's motion to dismiss and on October 22, 2007, Defendant filed a reply to Plaintiff's response. For the reasons set forth below, Defendant's motion to dismiss will be granted.

**I**

    According to Plaintiff's sworn complaint, on September 23, 2005, Defendant Ryberg grabbed Plaintiff around the arm and then around the neck. Complaint at 3. Defendant twisted

and choked Plaintiff for approximately seven minutes. *Id.* Plaintiff filed administrative grievances at the first and second level. *Id*. at 12-13 & 19-20. Plaintiff then filed this complaint. Defendant Ryberg has filed a motion to dismiss claiming that Plaintiff failed to exhaust his administrative remedies.

## II

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). But, the complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 2007 WL 1461066, slip op. at 8 (2007).

## III

The Prison Litigation Reform Act ("PLRA") definitively states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is a compulsory prerequisite to the filing of an action, regardless of whether or not the administrative remedy is simple, fast or effective. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Section 1997e(a) contains no exceptions to the exhaustion requirement, and the

1 exhaustion requirement may not be excused by the court, even if doing so would be in the
2 interest of justice. *Id*. at 741 n.5-6. ( "we stress the point ... that we will not read futility or other
3 exceptions into statutory exhaustion requirements where Congress has provided otherwise.")

4     Title 15 of the California Code of Regulations provides that, in order to exhaust
5 administrative remedies, a prisoner seeking to settle a grievance must adhere to established
6 procedures. *See generally*, *Lira v. Herra*, 427 F.3d 1164, 1166 (9th Cir. 2005). The prisoner
7 must first try to resolve the grievance informally with the staff member involved. CAL CODE
8 REGS. tit. 15, § 3084.5(a) (2007). If that attempt is not successful, the prisoner must next file a
9 formal appeal at the first level. *Id*. at § 3084.5(b). If the first level appeal is denied, the prisoner
10 must appeal to the second formal level, where the appeal is reviewed by the head of the
11 institution or regional parole administrator. *Id*. at § 3084.5 (c). Finally, a formal appeal for third
12 level review by a designated representative of the Director must be submitted by the prisoner.
13 *Id*. at § 3084.5(d).

14     Plaintiff's pursued his administrative grievances through the first and second levels of
15 review. Complaint at 12-13 & 19-20. Plaintiff claims in the last sentence of his one and a half
16 page response that, "the 602 was sent to the 3rd level." Reply at 2. Plaintiff does not provide a
17 copy of the 602, a copy of the decision Plaintiff received or even a date on which this action was
18 taken. In fact, Plaintiff provides no other argument or discussion to support this claim.

19     Conversely, Defendant Ryberg has provided the declaration of Mr. Grannis, Chief of the
20 Inmate Appeals Branch in Sacramento, California, which states that Plaintiff has not filed a third
21 level appeal. This court finds that Plaintiff has not shown that he filed a third level appeal. As
22 such, Plaintiff has failed to exhaust his administrative remedies and his complaint must be
23 dismissed.

24 /////
25 /////
26 /////

**IV**

In view of the above, IT IS HEREBY ORDERED that Plaintiff complaint is dismissed without prejudice.

/////

DATED: November 13, 2007

                                              /s/ Arthur L. Alarcón
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation